RECEIVED
MAR 12 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOPHIA KATECHIS and NICHOLAS KATECHIS,

Plaintiffs,

-against-

DAVOL INC. and C. R. BARD, INC.,

Defendants.

Removed from:
Supreme Court of the State of New York
County of Bronx
Index No. 7104-07

Civil Action No. 07 CV 2098

**NOTICE OF REMOVAL** JUDGE JONES

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by their undersigned counsel, hereby remove the above-captioned matter from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiffs filed this action in the Supreme Court of the State of New York, County of Bronx, on January 30, 2007. Defendants were served on February 13, 2007.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants were served with a copy of the Complaint on February 13, 2007. *See* Att. A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. The Supreme Court of the State of New York, County of Bronx is located within the Southern District of New York, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 112(b) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Supreme Court of the State of New York, County of Bronx and served on Plaintiffs.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that the Plaintiffs are residents of 2655 Netherland Avenue, Bronx, New York 10463. *See* Compl. ¶ 1.

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the States of Rhode Island and New Jersey, respectively, *see* Compl. ¶¶ 4 & 7, with their principal places of business in those respective states as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the State of New York.

**B. The amount in controversy requirement is satisfied.**

11. In this case, it is clear that the amount in controversy exceeds the jurisdictional minimum of $75,000. Plaintiff asserts a number of claims, including those sounding in negligence, strict liability, breach of warranty, false advertising, and deceptive trade practices arising from her receipt of a hernia repair prosthetic. She alleges she has suffered "serious and permanent injuries," "pain and suffering," and "physical and emotional distress," mandating the award of "medical expenses" and "any and all consequential damages, punitive damages, as well as interest, attorneys fees, and costs." *See* Att. A at 72, 88, 101, 115, 126, and 134. Allegations similar to these have been held to establish, on their face, that the amount in controversy exceeds the jurisdictional amount. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (holding that the amount in controversy to be satisfied where plaintiffs alleged economic loss, medical and health expenses, and claimed serious medical conditions); *see also In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (same); *Quinn v. Kimble*, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (same).

WHEREFORE, Defendants respectfully remove this action from the Supreme Court of the State of New York, County of Bronx to this Court pursuant to 28 U.S.C. § 1441.

Date: New York, New York
March 12, 2007

McCARTER & ENGLISH, LLP

By: [signature]
Samuel J. Abate, Jr. (SA 0915)
245 Park Avenue
New York, New York 10167
(212) 609-6800
(212) 609-6921 (fax)
sabate@mccarter.com



ME1 6235027v.1

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2007, a copy of the foregoing Notice of Removal was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo, P.C.
120 Broadway, 18th Floor
New York, New York 10271
*via electronic notice and first-class mail*

Samuel J. Abate, Jr.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

--------------------------------------------------------------------X

SOPHIA KATECHIS and NICHOLAS KATECHIS,

Plaintiffs,

- against -

DAVOL, INC., and C.R. BARD, INC.,

Defendants.

--------------------------------------------------------------------X

Index No. 7104-07

**SUMMONS**

Plaintiff designates Bronx County as the place of trial.

The basis of venue is Plaintiff's residence:
2655 Netherland Avenue
Bronx, New York 10463

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
January 24, 2007

SULLIVAN PAPAIN BLOCK
McGRATH & CANNAVO PC.

By: ______________________
Andrew J. Carboy
Attorneys for Plaintiffs
Office and P.O. Address
120 Broadway
New York, New York 10271
(212) 732-9000

2007 JAN 30 PM 1:35
COUNTY CLERK
BRONX COUNTY

RECEIVED

**Defendants' Addresses**

**DAVOL, INC.**

100 Sockanossett Crossroad
Cranston, Rhode Island 02920

**C.R. BARD, INC.**

Care of the Secretary of State of New York

and

C.R. Bard, Inc.
730 Central Avenue
Murray Hill, New Jersey 07974

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
SOPHIA KATECHIS and NICHOLAS KATECHIS, Index No. 7104-07

Plaintiffs, **VERIFIED COMPLAINT**

- against -

DAVOL, INC., and C.R. BARD, INC.,

Defendants.
-----------------------------------------------------------------------X

Plaintiffs, SOPHIA KATECHIS and NICHOLAS KATECHIS, by and through their attorneys, Sullivan Papain Block McGrath & Cannavo P.C., brings this action against Defendants, DAVOL, INC., and C.R. BARD, INC., and allege upon information and belief, and at all times hereinafter mentioned, as follows:

## PARTIES

1. Plaintiff, SOPHIA KATECHIS, hereinafter "Mrs. Katechis" or "Plaintiff," was and is a resident of the County of Bronx, State of New York, and resides at 2655 Netherland Avenue, Bronx, New York 10463.

2. At all times herein mentioned, Plaintiff NICHOLAS KATECHIS, was and is the lawfully married spouse of Mrs. Katechis.

3. Plaintiffs bring this action for damages for the severe and permanent personal injuries she sustained, as well for the loss of services, society, companionship and affection sustained by Plaintiff NICHOLAS KATECHIS as a result of said injuries, in consequence of her use of a defective implantable product known as a "Composix Kugel Hernia Patches," used to repair ventral or incisional hernias ("subject patch") designed, tested, developed, manufactured,

2007 JAN 30 AM 11:35
BRONX COUNTY CLERK
RECEIVED

labeled, distributed, promoted, marketed and sold by Defendants DAVOL, INC. ("DAVOL"), and C.R. BARD, INC. ("BARD") (collectively, "Defendants"). On or about June 15, 2006, William P. Wissermann, Esq., Senior Vice President and General Counsel of New York Hospital-Queens advised Mrs. Katechis that the subject patch, implanted in her, was a "Bard Composix Kugel mesh patch" that was recalled by its manufacturers. Mrs. Katechis was advised:

> *The manufacturer, Davol, Inc., a subsidiary of C.R. Bard, Inc., has recalled certain lot numbers of the product because the 'memory recoil ring' that opens the patch after it is inserted into the intra-abdominal space can break. Hospital records indicate that one of these recalled products was implanted in you.*
>
> (June 15, 2006 Correspondence from New York Hospital-Queens)

4. At all times herein mentioned, Defendant DAVOL was and is incorporated in Delaware, with its principal place of business in Rhode Island, the address being 7100 Sockanossett Crossroad, Cranston, Rhode Island 02920.

5. At all times herein mentioned, Defendant DAVOL was and is authorized to do business in the State of New York.

6. At all times herein mentioned, Defendant DAVOL did and does business and solicits business in New York.

7. At all times herein mentioned, Defendant BARD was and is incorporated in New Jersey, with its principal place of business in New Jersey, the address being 730 Central Avenue, Murray Hill, New Jersey.

8. At all times herein mentioned, Defendant BARD was and is authorized to do business in the State of New York.

9. At all times herein mentioned, Defendant BARD did and does business and solicits business in New York.

10. At all times herein mentioned, Defendant BARD had and has a registered agent for service of process, CT Corporation Systems, located at 111 8th Avenue, New York, New York 10011.

11. At all times herein mentioned, Defendant DAVOL was and is a wholly owned subsidiary of defendant BARD.

12. At all times relevant, Defendant DAVOL was a mere instrumentality, conduit or alter ego for its parent, Defendant BARD.

13. At all times relevant, Defendant BARD wholly dominated and continues to dominate the workings and decision-making of DAVOL so that Defendant DAVOL became a conduit for its parent, Defendant BARD. At all relevant times, Defendant DAVOL was undercapitalized and performed no independent business.

14. At all times herein mentioned, Defendant DAVOL designed, tested, developed, manufactured, labeled, distributed, marketed and sold Composix Kugel Hernia Patches for repair of hernias.

15. At all times herein mentioned, Defendant BARD designed, tested, developed, manufactured, labeled, distributed, marketed and sold Composix Kugel Hernia Patches for repair of hernias.

16. At all times herein mentioned, Defendant DAVOL derived substantial revenue from goods used or services provided in the State of New York.

17. At all times herein mentioned, Defendant BARD derived substantial revenue from goods used or services provided in the State of New York.

18. At all times herein mentioned, Defendant DAVOL derived substantial revenue from interstate commerce.

19. At all times herein mentioned, Defendant BARD derived substantial revenue from interstate commerce.

20. At all times herein mentioned, Defendant DAVOL expected or should have reasonably expected its acts to have consequences in the State of New York.

21. At all times herein mentioned, Defendant BARD expected or should have reasonably expected its acts to have consequences in the State of New York.

22. The activities of Defendant DAVOL in New York include, but are in no way limited to, the marketing, promotion, distribution, and sales of Composix Kugel Hernia Patches, including the subject patch.

23. The activities of Defendant BARD in New York include, but are in no way limited to, the marketing, promotion, distribution, and sales of Composix Kugel Hernia Patches, including the subject patch.

24. This Court has jurisdiction over the subject matter and parties to this action.

**AS AND FOR A FIRST COUNT (DECEPTIVE TRADE PRACTICES) AGAINST DEFENDANTS**

25. Plaintiff hereby adopts, repeats and realleges by reference herein all the allegations contained in paragraphs "1" through "24" as though more fully set forth herein.

26. At all times herein mentioned, Defendant DAVOL designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold Composix Kugel Hernia Patches including the subject patch.

27. At all times herein mentioned, Defendant BARD designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold Composix Kugel Hernia Patches including the subject patch.

28. The intended purpose of the Composix Kugel Hernia Patch is to reconstruct soft tissue, including the repair of ventral or incisional hernias. According to the United States Food and Drug Administration, the Composix Kugel Hernia Patch is designed and manufactured to be "*placed behind the hernia defect through a small incision. The patch is then held open by a 'memory recoil ring' that allows the patch to be folded for insertion and later spring open and lay flat once it is in place.*" (*See*, "Class 1 Recall: Bard Composix Kugel Mesh Patch, superseded with an updated notice on March 31, 2006 to include additional product codes and lot numbers recalled by the manufacturer." United States Food and Drug Administration posting dated March 2006)

29. Defendant DAVOL designs, tests, develops, manufactures, labels, distributes, promotes, markets and sells Composix Kugel Hernia Patches for implantation in patients.

30. Defendant BARD designs, tests, develops, manufactures, labels, distributes, promotes, markets and sells Composix Kugel Hernia Patches for implantation in patients.

31. On or about March 2, 2004, Mrs. Katechis underwent surgical implantation of the subject patch at New York Hospital-Queens.

32. Defendant DAVOL sold and/or provided the subject patch to Mrs. Katechis and/or New York Hospital-Queens and/or the implanting surgeons.

33. Defendant BARD sold and/or provided the subject patch to Mrs. Katechis and/or New York Hospital-Queens and/or the implanting surgeons.

34. The subject patch was implanted for its intended purpose: soft tissue reconstruction and treatment and management of a hernia.

35. Defendant DAVOL designed the subject patch and its component parts, including the memory recoil ring and its housing.

36. Defendant DAVOL tested the subject patch and its component parts, including the memory recoil ring and its housing.

37. Defendant DAVOL developed the subject patch and its component parts, including the memory recoil ring and its housing.

38. Defendant DAVOL manufactured the subject patch and its component parts, including the memory recoil ring and its housing.

39. Defendant DAVOL labeled, through product and package inserts, the subject patch and its component parts, including the memory recoil ring and its housing.

40. Defendant DAVOL distributed the subject patch and its component parts, including the memory recoil ring and its housing.

41. Defendant DAVOL promoted the subject patch and its component parts, including the memory recoil ring and its housing.

42. Defendant DAVOL marketed the subject patch and its component parts, including the memory recoil ring and its housing.

43. Defendant DAVOL sold the subject patch and its component parts, including the memory recoil ring and its housing.

44. Defendant DAVOL has disclosed, albeit in a manner untimely for Mrs. Katechis and her physical health, that its Composix Kugel Hernia Patches, including the subject patch, and component parts, including the memory recoil ring and its housing, contain design and manufacturing defects.

45. Defendant BARD designed the subject patch and its component parts, including the memory recoil ring and its housing.

46. Defendant BARD tested the subject patch and its component parts, including the memory recoil ring and its housing.

47. Defendant BARD developed the subject patch and its component parts, including the memory recoil ring and its housing.

48. Defendant BARD manufactured the subject patch and its component parts, including the memory recoil ring and its housing.

49. Defendant BARD labeled, through product and package inserts, the subject patch and its component parts, including the memory recoil ring and its housing.

50. Defendant BARD distributed the subject patch and its component parts, including the memory recoil ring and its housing.

51. Defendant BARD promoted the subject patch and its component parts, including the memory recoil ring and its housing.

52. Defendant BARD marketed the subject patch and its component parts, including the memory recoil ring and its housing.

53. Defendant BARD sold the subject patch and its component parts, including the memory recoil ring and its housing.

54. Defendant BARD has disclosed, albeit in a manner untimely for Mrs. Katechis and her physical health, that its Composix Kugel Hernia Patches, including the subject patch, and component parts, including the memory recoil ring and its housing, contain design and manufacturing defects.

55. On or about March 24, 2006, Defendants DAVOL and BARD expanded a previous recall of certain of their Composix Kugel Hernia Patches. The expanded recall included the subject patch.

56. At that time, Defendants DAVOL and BARD disclosed that memory recoil ring breakages had been reported. Specifically, Defendants "*identified the potential for…recoil ring weld breakage on lots of product code numbers…*", a range that included the subject patch. (*See*, "Important Patient Management Information," correspondence dated March 24, 2006 and authored by David Ciavarella, M.D., Staff Vice President, Corporate Clinical Affairs of DAVOL).

57. Defendants DAVOL and BARD advised and admitted that the welds of the recoil ring of the subject patch, like those of other Composix Kugel Hernia Patches designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold by the Defendants, *"could break under the stress placed on the large sized products during placement which could lead to potential patient complications such as abdominal pain, bowel perforation or chronic enteric fistulas."*

58. Unfortunately, these warnings and disclosure came too late for Mrs. Katechis, who had the subject patch previously inserted well in advance of the recall.

59. Mrs. Katechis has suffered and continues to suffer and endure great physical and emotional pain, suffering, serious and permanent physical injuries, and associated economic loss, as a proximate result of the subject patch, defective in design and defective in manufacture.

60. Mrs. Katechis' injuries include, but are not limited to: pain; discomfort; loss of mobility; and the necessity of additional surgery to attempt to remove the subject patch and other damages.

61. Before, after, and at the time of the manufacture, promotion, marketing and sale of the subject patch to Mrs. Katechis, Defendants DAVOL and BARD possessed detailed technical information and had knowledge that certain of their Composix Kugel Hernia Patches,

including the subject patch, posed potentially significant and life-threatening hazards to patients relying upon them.

62. Defendants DAVOL and BARD concealed this information from Mrs. Katechis and her treating physicians, as well as the consuming public and physicians in general.

63. As set forth above, Defendants DAVOL and BARD had a duty to exercise reasonable care in the design, testing, development, manufacture, labeling, distribution, promotion, marketing and sale of their Composix Kugel Hernia Patches and their component parts, including the subject patch. This duty included an obligation to ensure that the Composix Kugel Hernia Patches and/or any component part did not fail, break or splinter because of a design and/or manufacturing defect when used as instructed by the defendants for their intended and foreseeable purpose(s). This duty also included a duty to warn of known defects that may lead to serious injury or risk of serious injury.

64. Defendants DAVOL and BARD made misrepresentations of material facts, including but not limited to:

a. misrepresenting that their Composix Kugel Hernia Patches, including the subject patch, were fit for their intended uses and of merchantable quality;

b. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, were reliable;

c. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, were safe and effective for the treatment of medical conditions such as those affecting Mrs. Katechis;

d. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, would function as intended when necessary;

e. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, would not function improperly;

f. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, were not defective;

g. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, would not otherwise fail to function as intended when put to their expected, intended, foreseeable, and/or ordinary purpose(s); and

h. misrepresenting that Composix Kugel Hernia Patches, such as the subject patch, were not inherently dangerous.

65. Defendants DAVOL and BARD made omissions of material facts, known to them, and which they were obligated to disclose, including but not limited to:

a. omitting to disclose the material fact that Composix Kugel Hernia Patches, such as the subject patch, were defective, such that they and/or their component parts would break and/or splinter upon insertion, and/or otherwise fail to function as intended;

b. omitting to disclose the material fact that the Defendants knew of numerous failures of Composix Kugel Hernia Patches;

c. omitting to disclose the material fact that the Composix Kugel Hernia Patches were not "reliable;"

d. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, were not safe and effective in the treatment of the medical conditions, such as that affecting Mrs. Katechis, for which they were intended.

e. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, would not function as intended when necessary;

f. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, were defective, such that they would break and/or splinter upon insertion or otherwise fail to function as intended when put to their expected, intended, foreseeable, and/or ordinary purpose(s); and

h. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, were inherently dangerous.

66. These misrepresentations and/or omissions of material fact were false and misleading at the time they were made.

67. Defendants DAVOL and BARD negligently and/or carelessly made the foregoing misrepresentations of material fact without basis or adequate information on which to accurately base those representations. Alternatively, the Defendants omitted the foregoing material facts negligently and/or carelessly without basis or adequate information upon which to justify such

omissions of material fact and/or with actual knowledge and information to make additional disclosure reasonable and appropriate.

68. Defendants had a duty to disclose all relevant information about the risks of their Composix Kugel Hernia Patches, including the subject patch, to Mrs. Katechis and her treating physicians under laws requiring them not to engage in false and deceptive trade practices, and as otherwise alleged in this Complaint, because: A) Defendants made representations and partial disclosures concerning the nature and quality of their products which they had a duty to correct; B) Defendants were in a superior position to know the true state of facts about the dangerous and defective nature of their Composix Kugel Hernia Patches, including the subject patch, and the risks the subject patch posed to Mrs. Katechis; and C) the effects and dangers posed by the defective Composix Kugel Hernia Patches, including the subject patch, were not readily apparent.

69. In the alternative, when the Defendants made the foregoing misrepresentations or omissions of material fact, they knew or should have known them to be false or omissions of material fact, and such misrepresentations and/or omissions of material fact were made intentionally, deliberately, knowingly, wantonly, recklessly and/or in a grossly negligent manner.

70. In reliance upon the foregoing misrepresentations and/or omissions of material fact by the defendant, Mrs. Katechis and/or her physician(s) were induced to and did, to their detriment, subject themselves to using Defendants' Composix Kugel Hernia Patches, including the subject patch. Had the defendants not made the foregoing misrepresentations and/or omissions of material fact, Mrs. Katechis and/or her physician(s) could have avoided such risks, injuries, and/or damages as are set forth herein, and/or considered alternative actions, treatments or products. The reliance of Mrs. Katechis and her physician(s) was justified and reasonable,

because the foregoing misrepresentations and/or omissions of material facts were made by individuals and entities who were in a position to know the true facts, the Defendants.

71. General Business Law Section 349(a) declares unlawful any deceptive acts or practices in the conduct of any business, commerce or trade.

72. As a direct and proximate result of the aforedescribed conduct, misconduct and omissions, Mrs. Katechis suffered serious and permanent injuries, economic losses associated with all aspects of the care and treatment of her injuries, as well as lost wages, any and all consequential damages, and punitive damages. Mrs. Katechis will also seek interest, attorney fees, and costs.

73. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602:

A) Pursuant to CPLR § 1602(2)(iv), Defendants are liable for all of Mrs. Katechis's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that the Defendants owed Mrs. Katechis a non-delegable duty of care; and

B) Pursuant to CPLR § 1602(7), Defendants are liable for all of Mrs. Katechis's damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR § 1601, by reason of the fact that the Defendants acted with reckless disregard of the safety of others.

74. As a result of the foregoing, Mrs. Katechis has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

75. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the

true risks and hazards of use of their Composix Kugel Hernia Patches at points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

## AS AND FOR A SECOND COUNT (NEGLIGENCE) AGAINST DEFENDANTS

76. Plaintiff repeats and reiterates paragraphs "1" through "75" as if specifically set forth herein.

77. At the aforementioned times, including the date of Plaintiff's bowel perforation and all other injuries resulting from the subject patch, and the date of surgical implantation of the subject patch, and for some time prior thereto, Defendants DAVOL and BARD were engaged in the business of designing, manufacturing, inspecting, testing, marketing, distributing, promoting, and/or selling Composix Kugel Hernia Patches, and their component parts, including the subject patch, throughout the United States, including the state of New York, for consumption and use by certain members of the general public, physicians and medical practices.

78. During said period of time, and for valuable consideration received, Defendants DAVOL and BARD, designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold the subject defective patch that caused the injuries and damages set forth herein.

79. Defendants DAVOL and BARD had a duty, and owed a duty to the Plaintiff, to exercise reasonable care, in light of the generally recognized and prevailing best scientific

knowledge, in the design, manufacture, testing, marketing, distributing, promoting, and/or selling of Composix Kugel Hernia Patches, including the subject patch, and their component parts. This duty included an obligation to ensure that the Composix Kugel Hernia Patches, including the subject patch: would function without danger to patients receiving them; did not contain recoil rings with welds that could break under the stress of placement; and did not otherwise break, shatter, split or malfunction when used for their intended purpose(s).

80. Defendants DAVOL and BARD breached their duties by negligently designing, manufacturing, testing, marketing, distributing, promoting and/or selling the subject patch, and its component parts, involved in the occurrence giving rise to this complaint.

81. Defendants DAVOL and BARD breached their duties by failing to exercise reasonable care in the production of the subject patch.

82. Defendants DAVOL and BARD breached their duties by failing to exercise reasonable care to ensure that their Composix Kugel Hernia Patches, including the subject patch, would function properly.

83. Defendants DAVOL and BARD knew or should have known that patients such as the Plaintiff would foreseeably suffer injuries as a proximate result of the failure to exercise ordinary, reasonable, and due care, as described herein.

84. Defendants DAVOL and BARD, as the designer, manufacturer, tester, marketer, distributor, promoter and/or seller of Composix Kugel Hernia Patches and their component parts, including the subject patch, negligently and/or recklessly breached their duties by failing to warn the Plaintiff and her treating physicians of the dangers associated with the use of the subject patch due to its defective and unsafe condition as aforementioned, and such negligent and/or reckless conduct was a proximate cause of the injuries and damages of the Plaintiff.

85. At the aforesaid times, including when and while surgically implanted in Mrs. Katechis, the subject patch and its component parts were being used in a manner that was foreseeable.

86. The subject patch and its component parts were not reasonably safe when being used in a foreseeable manner. Instead, the subject patch and its component parts were defective and unreasonably dangerous when being used for their intended purpose. Defendants DAVOL and BARD knew, or in the exercise of reasonable care should have known, that said patch and its component parts were defective and unreasonably dangerous when being so used in a foreseeable manner.

87. Defendants DAVOL and BARD failed to adequately and/or timely warn of the design and manufacturing defects of their Composix Kugel Hernia Patches, including the subject patch.

88. As a direct and proximate result of the aforedescribed breaches of duty, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

89. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602, as set forth above.

90. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

91. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true

risks and hazards of use of their Composix Kugel Hernia Patches at points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants DAVOL and BARD possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

**AS AND FOR A THIRD COUNT (STRICT LIABILITY)**
**AGAINST DEFENDANTS**

92. Plaintiff repeats and reiterates paragraphs "1" through "91" as if specifically set forth herein.

93. Defendants DAVOL and BARD were engaged in the business of designing, manufacturing, testing, marketing, distributing, promoting and/or selling Composix Kugel Hernia Patches, including the subject patch. Defendants Composix Kugel Hernia Patches were, and remain, guarantors of the safety of their Composix Kugel Hernia Patches, including the subject patch.

94. Defendants DAVOL and BARD intended and intends for patients to have their Composix Kugel Hernia Patches, including the subject patch, implanted in their bodies for the reasons described herein.

95. The subject patch and its component parts were defective in design.

96. Additionally, or alternatively, the subject patch and its component parts were defective in their construction or manufacture.

97. As a result of the aforedescribed design defects and/or manufacturing defects, the subject patch and its component parts were in a defective condition, unreasonably dangerous to the Plaintiff, and the subject patch was unfit for its intended use, at the time of sale by Defendants DAVOL and BARD, and at the time of implantation.

98. Composix Kugel Hernia Patches manufactured by Defendants DAVOL and BARD, including the subject patch, were defective and unreasonably dangerous when implanted, due to the possibility of breakage of the recoil ring weld, causing bowel and vascular injury, and/or other injury resulting from defect(s) in the product.

99. As a proximate result of the failures and actionable wrongful conduct herein alleged, the subject patch was in a defective condition, unreasonably dangerous in that it was unsafe for its intended use.

100. Defendants DAVOL and BARD were and remain strictly liable in tort for the design, manufacture, testing, inspection, distribution, promotion and/or sale of a defective product, the subject patch. Defects in the design and/or manufacture of the subject patch were substantial factors in bringing about the aforesaid occurrence and resulting serious injuries sustained by Mrs. Katechis.

101. As a direct and proximate result of the defectively designed and manufactured subject patch, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

102. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602, as set forth above.

103. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

104. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action, such as a recall, at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

## AS AND FOR A FOURTH COUNT (BREACH OF IMPLIED WARRANTY) AGAINST DEFENDANTS

105. Plaintiff repeats and reiterates paragraphs "1" through "104 as if specifically set forth herein.

106. Defendants DAVOL and BARD were and remain engaged in the business of designing, manufacturing, testing, marketing, distributing, promoting and/or selling Composix Kugel Hernia Patches, including the subject patch, and their component parts, for ultimate use by and implantation in the bodies of patients, including the Plaintiff, by and through physicians, hospitals, and other health-care providers.

107. Defendants DAVOL and BARD are merchants of Composix Kugel Hernia Patches.

108. By placing Composix Kugel Hernia Patches into the stream of commerce, the Defendants impliedly warranted and represented that their Composix Kugel Hernia Patches, such as the subject patch, were merchantable, and fit, suitable, and safe for their intended use(s).

109. The Plaintiff, individually and through her physicians, relied upon the skill and judgment of Defendants DAVOL and BARD.

110. The Plaintiff, individually and through her physicians, relied upon the representations and warranties of Defendants DAVOL and BARD.

111. All of the aforementioned representations were false, misleading and inaccurate in that Composix Kugel Hernia Patches placed into the stream of commerce by the Defendants, such as and including the subject patch, were defective, unreasonably dangerous, hazardous and neither merchantable, fit, suitable nor safe for their intended use(s).

112. Composix Kugel Hernia Patches placed into the stream of commerce by the Defendants, such as and including the subject patch, were also inadequately contained, packaged, and labeled in that the Defendants misrepresented and/or omitted material facts regarding the safety, reliability, and effectiveness of these products, which were neither merchantable, fit, safe nor suitable for their intended use(s).

113. The defects in the Composix Kugel Hernia Patches, including subject patch, such as defective recoil ring welds, were present at the time the product(s) left the hands of the Defendants and placed into the stream of commerce.

114. The Defendants thus breached implied warranties of merchantability, fitness and suitability with respect to the Composix Kugel Hernia Patches) such as and including the subject patch.

115. The Plaintiff was and remains an intended and foreseeable user of the Defendants' Composix Kugel Hernia Patches, and as a direct and proximate result of the Defendants' breach of implied warranties, she suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

116. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602, as set forth above.

117. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

118. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

## AS AND FOR A FIFTH COUNT (BREACH OF EXPRESS WARRANTY) AGAINST DEFENDANTS

119. Plaintiff repeats and reiterates paragraphs "1" through "118" as if specifically set forth herein.

120. Defendants DAVOL and BARD expressly warranted that their Composix Kugel Hernia Patches, including the subject patch, would be designed and constructed in a careful, diligent, and workmanlike manner, free of design and construction defects, and would be safe, reliable, and effective in performing their intended and foreseeable use(s).

121. Plaintiff, individually and through her physicians, relied upon the skill and judgment of Defendants DAVOL and BARD.

122. Plaintiff, individually and through her physicians, relied upon the representations and warranties of Defendants DAVOL and BARD.

123. All of the aforementioned representations were false, misleading and inaccurate in that Composix Kugel Hernia Patches placed into the stream of commerce by the Defendants, such as and including the subject patch, were defective, unreasonably dangerous, hazardous and neither merchantable, fit, suitable nor safe for their intended use(s).

124. The subject patch was not designed and/or constructed in a careful, diligent and workmanlike manner, free of design and construction defects.

125. Defendants DAVOL and BARD thereby breached their express warranties.

126. As a direct and proximate result of this breach of express warranties, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

127. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602, as set forth above.

128. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

129. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

**AS AND FOR A SIXTH COUNT (FALSE ADVERTISING)**
**AGAINST DEFENDANTS**

130. Plaintiff hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "129" as though more fully set forth herein.

131. General Business Law Section 350 declares unlawful advertising that is false or misleading in a material respect in the conduct of any business or in the furnishing of any service.

132. The aforementioned acts, representations and/or omissions by Defendants were deceptive and misleading practices and/or advertising within the meaning of New York's General Business Law.

133. In reliance upon the foregoing misrepresentations and/or omissions of material fact by the defendant, the Plaintiff and/or the Plaintiff's physician(s) were induced to and did, to their detriment, subject themselves to using the Defendants' Composix Kugel Hernia Patches. Had the Defendants not made the foregoing misrepresentations and/or omissions of material fact, the Plaintiff and/or the Plaintiff's physician(s) could have avoided such risks, injuries, and/or damages as are set forth herein, and/or considered alternative actions, treatments or products. The reliance of the Plaintiff and the Plaintiff's physician(s) was justified and reasonable, because the foregoing misrepresentations and/or omissions of material facts were made by individuals and entities who were in a position to know the true facts.

134. As a direct and proximate result of the Defendants' false advertising, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

135. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602, as set forth above.

136. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

137. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel

Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

**AS AND FOR A SEVENTH COUNT (LOSS OF SERVICES, SOCIETY, COMPANIONSHIP AND AFFECTION ) AGAINST DEFENDANTS**

138. Plaintiff NICHOLAS KATECHIS hereby adopts, repeats, and realleges by reference herein all the allegations contained in paragraphs "1" through "137" as though more fully set forth herein.

139. Plaintiff, NICHOLAS KATECHIS, was and still is the husband and lawful spouse of SOPHIA KATECHIS and as such is entitled to her services, society, companionship and affection.

140. By reason of the foregoing, Plaintiff, NICHOLAS KATECHIS, has lost the services, society, companionship and affection of his wife, SOPHIA KATECHIS, and has incurred expenses on her behalf.

141. The limitations of liability set forth by CPLR Sec. 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR Sec. 1602, as set forth above.

142. As a result of the foregoing, Plaintiff, NICHOLAS KATECHIS, has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

WHEREFORE, Plaintiffs demand judgment against Defendants DAVOL and BARD, their agents, servants, partners and/or employees on the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action in a sum which exceeds the jurisdictional limits of all lower courts

that would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action and interest.

Dated: New York, New York
January 24, 2007

BY: ______________________

ANDREW J. CARBOY
Sullivan Papain Block
McGrath & Cannavo P.C.
Attorneys for Plaintiffs
120 Broadway, 18th Floor
New York, New York 10271
(212) 732-9000
FAX: (212) 571-3903

VERIFICATION

STATE OF NEW YORK )
) SS.:
COUNTY OF NEW YORK )

Andrew J. Carboy, being duly sworn, deposes and says:

I am a member of the law firm of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C., attorneys for the plaintiffs herein.

I have read the foregoing VERIFIED COMPLAINT and know the contents thereof, and upon information and belief deponent believes the matters alleged therein to be true.

The source of deponent's information and the grounds of his beliefs are communications, papers, reports, deposition transcripts and investigations contained in the file. The reason why this affirmation is made by plaintiffs' counsel, and not the plaintiffs is because the plaintiffs do not reside in the county where plaintiffs' counsel maintains a law practice.

Andrew J. Carboy

Sworn to before me this

25 day of January 2007.

Dylene Schifando
Notary Public

DYLENE SCHIFANDO
Commissioner of Deeds
No. 5-1402
Certificate Filed in New York County
Commission Expires ~~June 19,~~ 6/1/07

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | | |
|---|---|---|
| SOPHIA KATECHIS and NICHOLAS KATECHIS, Plaintiffs, -against- DAVOL INC. and C. R. BARD, INC., Defendants. | ) | Index No.: 7104-07 **NOTICE OF FILING** **<u>NOTICE OF REMOVAL</u>** |

TO: Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo, P.C.
120 Broadway, 18th Floor
New York, New York 10271

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Southern District of New York ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on March 12, 2007. A copy of this notice is on file with the District Court. The Supreme Court of the State of New York, County of Bronx may proceed no further unless or until this case is remanded.

Date: New York, New York
March 12, 2007

McCARTER & ENGLISH, LLP

By: ______________________
Samuel J. Abate, Jr.
245 Park Avenue
New York, New York 10167
(212) 609-6800
(212) 609-6921 (fax)
sabate@mccarter.com

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2007, a copy of the foregoing Notice of Filing Notice of Removal was served upon the following in the manner listed below:

Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo, P.C.
120 Broadway, 18th Floor
New York, New York 10271

*via first-class mail*

Samuel J. Abate, Jr.