UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SOPHIA KATECHIS and NICHOLAS KATECHIS, Plaintiffs, | ) | Civil Action No.: 1:07-cv-02098-BSJ |
| -against- | ) | **ANSWER OF DEFENDANTS C.R. BARD, INC. AND DAVOL INC.** |
| DAVOL INC. and C.R. BARD, INC., Defendants. | ) | |

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through its counsel, answers the plaintiffs' Verified Complaint (the "Complaint") as follows:

## PARTIES

1. Admitted.

2. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 2 and therefore deny the allegation.

3. Bard and Davol admit that at various times Davol designed, manufactured, distributed, labeled, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "tested," "developed," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation that plaintiff received a Composix® Kugel® Hernia Patch in Paragraph 3 and therefore deny the allegation. As to the remaining allegations, this paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

4. Davol admits that it is a subsidiary of Bard with its principal place of business at 100 Sockanossett Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920.

5. Davol states there is no requirement for it to be "authorized to do business" in New York, and therefore denies the allegations in Paragraph 5. Davol admits that it is legal for it to conduct business in New York.

6. Davol solicits and sells medical devices, including the Composix® Kugel® Hernia Patch to licensed healthcare professionals throughout the United States, including the State of New York.

7. Bard admits that it is a registered New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

8. Bard admits that it is a registered New York business.

9. Bard solicits and sells medical devices to licensed healthcare professionals throughout the United States, including the State of New York.

10. Bard admits that its registered agent is CT Corporation Systems, 111 8th Avenue, New York, New York 10011.

11. Admitted.

12. Denied. Davol is a separate legal entity and not a "mere instrumentality, conduit or alter ego" of Bard.

13. Denied. Davol is a separate legal entity that is solely responsible for the design, manufacture, distribution, and sale of the Composix® Kugel® Hernia Patch.

14. Davol admits that at various times it designed, manufactured, distributed, labeled, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by

"tested," "developed," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so it denies these allegations.

15. Denied.

16. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. Davol further denies that it provided any service in New York, or elsewhere, as it is a medical device manufacturer. Davol admits that at various times it designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information, and that it earned revenue from sales in New York

17. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. Bard further denies that it provided any service in New York, or elsewhere, as it is a medical device manufacturer. Bard does admit that at various times its subsidiary Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

18. "Substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Davol denies the allegation.

19. "Substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Bard denies the allegation.

20. Davol is unable to respond to this paragraph as it is unintelligibly overbroad. To the extent that a response is required, Davol denies these allegations.

21. Bard is unable to respond to this paragraph as it is unintelligibly overbroad. To the extent that a response is required, Bard denies these allegations.

22. Davol admits that at various times it distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of New York. As to the remaining allegations, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny the allegations.

23. Bard admits that its subsidiary Davol at various times distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of New York. As to the remaining allegations, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the allegations.

24. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**AS AND FOR A FIRST COUNT (DECEPTIVE TRADE PRACTICES) AGAINST DEFENDANTS**

25. In response to Paragraph 25 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

26. Davol admits that at various times it designed, manufactured, distributed, labeled, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tested," "developed," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so it denies these allegations. As to the remaining allegations, Davol

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and therefore deny the allegations.

27. Bard admits that at various times its subsidiary Davol designed, manufactured, distributed, labeled, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard does not know what is meant by “tested,” “developed,” or “promoted” beyond the meanings of manufactured and marketed which have already been admitted so it denies these allegations. As to the remaining allegations, Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the allegations.

28. Bard and Davol admit that the Composix® Kugel® Hernia Patch is intended to repair soft tissue defects such as repair of incisional hernia. Bard and Davol further admit that the Composix® Kugel® Hernia Patch is designed to be placed behind a hernia defect and the memory recoil ring is intended to assist in deployment of the patch upon insertion.

29. Davol admits that at various times it designed, manufactured, distributed, labeled, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by “tested,” “developed,” or “promoted” beyond the meanings of manufactured and marketed which have already been admitted so it denies these allegations.

30. Bard admits that at various times its subsidiary Davol designed, manufactured, distributed, labeled, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard does not know what is meant by “tested,” “developed,” or “promoted” beyond the meanings of manufactured and marketed which have already been admitted so it denies these allegations.

31. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 31 and therefore deny the allegation.

32. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 32 and therefore deny the allegation.

33. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 33 and therefore deny the allegation.

34. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 34 and therefore deny the allegation.

35. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 35 and therefore deny the allegation.

36. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 36 and therefore deny the allegation.

37. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 37 and therefore deny the allegation.

38. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 38 and therefore deny the allegation.

39. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 39 and therefore deny the allegation.

40. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 40 and therefore deny the allegation.

41. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 41 and therefore deny the allegation.

42. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 42 and therefore deny the allegation.

43. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 43 and therefore deny the allegation.

44. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

45. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 45 and therefore deny the allegation.

46. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 46 and therefore deny the allegation.

47. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 47 and therefore deny the allegation.

48. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 48 and therefore deny the allegation.

49. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 49 and therefore deny the allegation.

50. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 50 and therefore deny the allegation.

51. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 51 and therefore deny the allegation.

52. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 52 and therefore deny the allegation.

53. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 53 and therefore deny the allegation.

54. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

55. Bard and Davol state that on March 24, 2006, customers, health care institutions, and medical practitioners were sent a supplemental letter to previously-issued letters in December 2005, January 2006, and March 2006 advising them of the voluntary recall of additional larger-sized Composix® Kugel® Hernia Patches. Bard and Davol further state these products have since been returned to the market with approval of the Food and Drug Administration. As to the remaining allegation, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 55 and therefore deny the allegation.

56. Bard and Davol admit that the March 2006 voluntary limited recall was initiated, in part, due to reports of memory recoil ring breaks. Bard and Davol state these products have since been returned to the market with approval of the Food and Drug Administration. As to the remaining allegation, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 56 and therefore deny the allegation.

57. Bard and Davol admit that the March 24, 2006 document titled "Important Patient Management Information" states memory recoil rings of certain larger sized patches "could break under stress placed on these products during placement, which could potentially lead to patient complications such as abdominal pain, bowel perforation or chronic enteric fistulas." The remainder of the paragraph contains legal conclusions, which do not call for an answer. To

the extent an answer is required, Bard and Davol deny the remaining allegations of the paragraph.

58. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny the allegations.

59. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and therefore deny the allegations.

60. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny the allegations.

61. Denied.

62. Denied.

63. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

64. The allegations in Paragraph 64 and its subparts (a) through (h) are conclusions of law and no answer is required; to the extent an answer is required, Bard and Davol deny those allegations.

65. The allegations in Paragraph 65 and its subparts (a) through (h) are conclusions of law and no answer is required; to the extent an answer is required, Bard and Davol deny those allegations.

66. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

67. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

68. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

69. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

70. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 and therefore deny the allegations.

71. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

72. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

73. The allegations in Paragraph 73 and its subparts (a) and (b) are conclusions of law and no answer is required; to the extent an answer is required, Bard and Davol deny those allegations.

74. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

75. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**AS AND FOR A SECOND COUNT (NEGLIGENCE) AGAINST DEFENDANTS**

76. In response to Paragraph 76 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

77. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not

know what is meant by "test[ed]," or "inspect[ed]" and "promot[ed]" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations.

78. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "tested," "developed," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. As to the remaining allegations, they are conclusions of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

79. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

80. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

81. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

82. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

83. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

84. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

85. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 and therefore deny the allegations.

86. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

87. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

88. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

89. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

90. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

91. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**AS AND FOR A THIRD COUNT (STRICT LIABILITY) AGAINST DEFENDANTS**

92. In response to Paragraph 92 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

93. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "tested" or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. As to the remaining allegations, they are conclusions of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

94. Bard and Davol admit that the Composix® Kugel® Hernia Patch is intended to be implanted into the human body for the repair of soft tissue defects such as incisional hernia.

95. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

96. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

97. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

98. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

99. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

100. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

101. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

102. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

103. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

104. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**AS AND FOR A FOURTH COUNT (BREACH OF IMPLIED WARRANTY) AGAINST DEFENDANTS**

105. In response to Paragraph 105 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

106. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "tested" or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. As to the remaining allegation, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 106 and therefore deny the allegation.

107. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

108. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

109. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109 and therefore deny the allegations.

110. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 and therefore deny the allegations.

111. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

112. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

113. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

114. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

115. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

116. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

117. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

118. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**AS AND FOR A FIFTH COUNT (BREACH OF EXPRESS WARRANTY)**
**AGAINST DEFENDANTS**

119. In response to Paragraph 119 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

120. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

121. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 and therefore deny the allegations.

122. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 and therefore deny the allegations.

123. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

124. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

125. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

126. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

127. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

128. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

129. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**AS AND FOR A SIXTH COUNT (FALSE ADVERTISING)**
**<u>AGAINST DEFENDANTS</u>**

130. In response to Paragraph 130 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

131. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

132. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

133. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133 and therefore deny the allegations.

134. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

135. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

136. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

137. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph..

**AS AND FOR A SEVENTH COUNT (LOSS OF SERVICES, SOCIETY, COMPANIONSHIP AND AFFECTION) AGAINST DEFENDANTS**

138. In response to Paragraph 138 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

139. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 and therefore deny the allegations.

140. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

141. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

142. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

**FIRST AFFIRMATIVE DEFENSE**

143. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

144. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiffs' claims against Bard and Davol in whole or in part.

**THIRD AFFIRMATIVE DEFENSE**

145. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiffs' claims against Bard and Davol in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

146. Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*.

**FIFTH AFFIRMATIVE DEFENSE**

147. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiffs' claims in whole or in part.

**SIXTH AFFIRMATIVE DEFENSE**

148. Plaintiffs', or their agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

**SEVENTH AFFIRMATIVE DEFENSE**

149. If plaintiffs used a product sold by Bard or Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

**EIGHTH AFFIRMATIVE DEFENSE**

150. Any alleged negligent or culpable conduct of Bard and Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

**NINTH AFFIRMATIVE DEFENSE**

151. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and therefore plaintiffs' right to recover is diminished in an amount based upon their individual relative degree of fault.

**TENTH AFFIRMATIVE DEFENSE**

152. If plaintiffs used a product sold by Bard or Davol, plaintiffs used the product for off-label purposes, which bars the plaintiffs' claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

153. The learned intermediary doctrine bars plaintiffs' claims.

**TWELFTH AFFIRMATIVE DEFENSE**

154. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

**THIRTEENTH AFFIRMATIVE DEFENSE**

155. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

**FOURTEENTH AFFIRMATIVE DEFENSE**

156. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

157. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

158. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

159. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

160. Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

**NINETEENTH AFFIRMATIVE DEFENSE**

161. Bard and Davol have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

**TWENTIETH AFFIRMATIVE DEFENSE**

162. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

163. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative/contributory negligence.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

164. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

165. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

166. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

167. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's and Davol's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and any other applicable law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

168. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New York law and/or other applicable laws.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

169. To the extent plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

170. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: New York, New York
March 19, 2007

Respectfully submitted,

McCARTER & ENGLISH, LLP

By: s/Samuel J. Abate, Jr.
Samuel J. Abate, Jr. (SA 0915)
245 Park Avenue
New York, New York 10167
(212) 609-6805
(212) 935-1893 (fax)
sabate@mccarter.com

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2007, a copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo, P.C.
120 Broadway, 18th Floor
New York, New York 10271
*via electronic notice and first-class mail*

___s/Samuel J. Abate, Jr.________________
Samuel J. Abate, Jr. (SA 0915)



ME1 6249982v.1